IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GURWINDER SINGH,**

    **Petitioner,**

v.

**WARDEN, BELMONT
CORRECTIONAL INSTITUTION,**

    **Respondent.**

**CASE NO. 2:16-CV-205**

**JUDGE ALGENON L. MARBLEY
MAGISTRATE JUDGE KEMP**

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the Return of Writ (Doc. 7) and two replies filed by Petitioner (Docs. 8 and 9). Except for the typeface, the replies appear to be identical to each other. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the petition be **DENIED** and that this action be **DISMISSED**.

### I. Facts and Procedural History

According to the Petition and the exhibits attached to the Return, Petitioner was indicted by the Logan County, Ohio grand jury on March 12, 2013, on one count of rape, one count of kidnaping, and one count of disrupting public service. Doc. 7, Ex. 1. Those charges arose out of an incident which occurred on February 25, 2013, at the gas station where Petitioner lived and worked, and where he allegedly sexually assaulted a female friend who was visiting him after closing hours. The entire incident was overheard by a 911 operator whom the victim had called. Although Petitioner allegedly knocked the

victim's cell phone out of her hands before the assault, the line was left open, and the operator was able to listen to the assault as it occurred. The victim also testified at trial that Petitioner touched her breasts and had intercourse with her without her permission, and that he forcibly restrained her while that happened.

Petitioner initially pleaded guilty to the rape charge and was sentenced to five years in prison. *Id.*, Exs. 4 and 5. However, he then moved to withdraw his plea, and although the trial court denied that motion, the state court of appeals reversed and remanded the case so that Petitioner could withdraw his plea and proceed to trial. *See State v. Singh*, 2014 WL 3827583 (Logan Co. App. Aug. 4, 2014).

Petitioner did proceed to trial and was found guilty by a jury of gross sexual imposition, a lesser included offense of rape, and of kidnaping. The offenses were merged for sentencing purposes and Petitioner was sentenced to nine years of imprisonment on the kidnaping charge. Doc. 7, Ex. 16. He appealed his conviction and sentence, raising the following assignments of error:

> FIRST ASSIGNMENT OF ERROR:
>
> The Trial Court Abused Its Discretion When It Refused to Instruct the Jury on the Lesser Included Offenses of Abduction and Unlawful Restraint.
>
> SECOND ASSIGNMENT OF ERROR:
>
> Defense Counsel Performed Deficiently and Appellant Was Prejudiced by Counsel's Deficient Performance.
>
> THIRD ASSIGNMENT OF ERROR:

> The Trial Court Erred When It Imposed Costs and Additional Fees In Its Sentencing Entry.

Doc. 7, Ex. 18. In a decision filed on October 5, 2015, the Third District Court of Appeals sustained the third assignment of error but overruled the first two. *State v. Singh*, 2015 WL 5782075 (Logan Co. App. Oct. 5, 2015). Petitioner sought, but was denied, review by the Ohio Supreme Court. *State v. Singh,* 144 Ohio St.3d 1478 (Feb. 10, 2016).

On February 29, 2016, Petitioner signed this federal habeas corpus petition, and it was filed on March 9, 2016. Doc. 3. In it, he raises these claims, in these words:

> **Ground One:** Effective Assistant of Counsel to interview and investigate the allegation by interviewing the trial counsel with the investigation format to review the prosecutor trial was based upon only the police report and a supposed phone call the victim informed the Police the victim did not want the assistance as initially called for. The victim informed the arresting officer the victim wanted nothing from the Police and wanted only to go home. The police requested the victim to visit them.
>
> **Ground Two:** Evidence by lack of the necessary evidence to prosecute other than the official Police report determines the prosecution violated trial procedure and prosecuted by the use of the public records and the public report with not other evidence attested by the experts and based only on the opinion of th Police Officer inquiring the victim to cause a warrant and arrest for action the victim had inform the officer victim did not was tot pursue.

In the Return, Respondent argues that both grounds for relief were procedurally defaulted and that they suffer from other deficiencies as well. The Court will turn first to the issue of procedural default.

## II.  Procedural Default

Congress has provided that state prisoners who are in custody in violation of the

Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present his claims, then his petition is subject to dismissal for failure to exhaust state remedies. *Id.*; *Anderson v. Harless*, 459 U.S. 4, 6 (1982 (*per curiam* ) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust his claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas...." *Coleman* v. *Thompson*, 501 U.S. 722, 735 n. 1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims

4

being asserted. That means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. In the words used by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case-that is, they are "procedurally defaulted."

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is waived by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the Court has determined that a state procedural rule was not complied with, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir.1985).

5

Turning to the fourth part of the *Maupin* analysis, in order to establish cause, petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Constitutionally ineffective counsel may constitute cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In order to constitute cause, an ineffective assistance of counsel claim generally must " 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.' " *Edwards*, 529 U.S. at 452 (quoting *Murray v. Carrier*, 477 U.S. 478, 479 (1986)). That is because, before counsel's ineffectiveness will constitute cause, "that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted." *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005). Or, if procedurally defaulted, petitioner must be able to "satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards v. Carpenter*, 529 U.S. 446, 450–51 (2000). The Supreme Court explained the importance of this requirement:

> We recognized the inseparability of the exhaustion rule and the procedural-default doctrine in Coleman: "In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." 501 U.S., at 732, 111 S.Ct. 2546, 115 L.Ed.2d 640. We again considered the interplay between exhaustion and procedural default last Term in *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), concluding that the latter doctrine was necessary to " 'protect the integrity' of the federal exhaustion

6

> rule." *Id.*, at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (quoting id., at 853, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting)). The purposes of the exhaustion requirement, we said, would be utterly defeated if the prisoner were able to obtain federal habeas review simply by " 'letting the time run' " so that state remedies were no longer available. *Id.*, at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1. Those purposes would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it. In such circumstances, though the prisoner would have "concededly exhausted his state remedies," it could hardly be said that, as comity and federalism require, the State had been given a "fair 'opportunity to pass upon [his claims].' " *Id.*, at 854, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting) (emphasis added) (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950)).

*Edwards*, 529 U.S. at 452–53.

If, after considering all four factors of the *Maupin* test, the court concludes that a procedural default occurred, it must not consider the procedurally defaulted claim on the merits unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)).

### A.  Ground One

Petitioner's first ground for relief asserts that he was denied the effective assistance of counsel at trial.  He raised an ineffective assistance of counsel claim as part of his direct appeal in state court.  However, Respondent asserts that he did not raise the same claim

in his appeal as he is attempting to raise here. If that is so, Petitioner would not have presented his current ineffective assistance of counsel claim to the state courts, and because the time for doing so has passed, he would have procedurally defaulted that claim. In order to see if Respondent is correct, it is necessary to review the details both of the claim as Petitioner raised it in state court and as he raises it here.

In his appellate brief (Doc. 7, Ex. 18), Petitioner presented the argument this way. He phrased the issue as whether counsel was ineffective for failing "to cross examine the victim concerning her prior history of making 911 calls." *Id*. at 15. After pointing out how crucial the 911 call was to the jury's verdict and to the judge at sentencing, Petitioner noted that there was a passing reference made to the fact that the call in question was not the first one which the victim had made to 911. At sentencing, the prosecutor conceded that there had been many such prior calls. Petitioner argued that the incident in question had all the earmarks of a "setup" (the victim had texted Petitioner that she was coming to the station that evening, and had recently asked him for money) and that the jury should have known that the victim had a history of reporting abuse to 911. The state court of appeals rejected this claim, concluding that this evidence -which went only to the victim's credibility - would not likely have influenced the jury given the fact that they were able to hear the entire incident via the 911 recording. As the court said, " [g]iven this evidence, any attempt to argue that the victim has been the alleged victim of many offenses or made up the offenses would not likely have changed the jury's verdict as to the kidnapping charge." *State v. Singh*, 2015 WL 5782075, *5.

The facts which the Petition recites in support of the ineffective assistance of counsel claim are somewhat hard to decipher, but one thing is clear: no mention is made of any failure on the part of trial counsel to cross-examine the victim at trial about prior 911 calls. It seems that Petitioner is now asserting that the victim initially told police that she did not want to press charges but that she was somehow "entrapped" into doing so.  He asserts that counsel should have investigated this matter further.  Whether or not that is so, Petitioner did not raise this claim in his direct appeal to the Third District, nor does this argument appear in his *pro se* memorandum in support of jurisdiction filed with the Ohio Supreme Court.  *See* Doc. 7, Ex. 26.

A habeas corpus petitioner may not properly base an ineffective assistance of counsel claim on one set of facts or theories when the claim is presented to the state courts, and then change facts or theories when bringing that claim to federal court.  As this Court said in *Jamison v. Collins*, 100 F.Supp.2d 521, 550 (S.D. Ohio 1996), "[a] legal theory urged in a habeas petition that is different than what was raised in the state court briefs does not satisfy the 'fair presentation' requirement."  Otherwise, a petitioner could advance new theories in federal court about how counsel was ineffective, and potentially obtain relief, while depriving the states courts of the chance to correct their own errors.  As *Jamison* also holds, the failure to present a particular theory of ineffective assistance of counsel to the trial courts is a procedural default which can only be excused if there is both cause for the default and prejudice to the Petitioner.  Neither is evident here.  Nor has Petitioner made any argument that he is factually innocent of the crime.  Under these circumstances, the

9

Court cannot grant him relief on Ground One.

### B. Ground Two

Again, it is not entirely clear what constitutional claim Petitioner has raised in ground two.  He appears to argue that there was not enough evidence to justify a prosecution because the victim told police she did not want to pursue criminal charges.  He appears to claim that, during her interviews by police, she denied having been raped or kidnaped.  He could be asserting that there was no probable cause for his arrest, which is a Fourth Amendment claim, or that the evidence was insufficient to support his conviction, which is a Fourteenth Amendment Due Process claim

It does not matter which of these claims he is raising, however.  In the state court of appeals, apart from the ineffective assistance of counsel claim, Petitioner sought reversal on grounds that the trial court abused its discretion by refusing to give jury instructions on certain lesser-included offenses.  He also made an argument about court costs and other financial penalties, which the State conceded, but that argument has nothing to do with the validity of his conviction or sentence.  He never mentioned the facts or the legal theories which he is now presenting to this Court as Ground Two.

This, too, is a procedural default.  To the extent that these claims rely on evidence of record, they had to be presented to the Ohio courts by way of direct appeal.  To the extent they do not, they may have properly been included in a post-conviction petition.  He can no longer pursue relief by way of direct appeal because that process has

concluded, and any post-conviction petition filed under O.R.C. §2953.21 has to be filed within 365 days of the date that the transcript is filed on direct appeal. Any post-conviction petition would be untimely. Consequently, Petitioner has both forfeited the right to pursue relief on these grounds in the state courts and, as a result, has procedurally defaulted this claim for purposes of federal habeas corpus. *See*, *e.g.*, *Peoples v. Moore*. 2008 WL 2498136 (S.D. Ohio June 18, 2008)(holding claim to be procedurally defaulted when it was not raised in a timely motion under §2953.21). Again, he has advanced no grounds to excuse that default nor submitted new evidence supporting a claim of actual innocence. Petitioner is therefore entitled to no relief on Ground Two. That being so, his petition must be dismissed.

### III. Recommended Disposition

For the reasons set forth above, the Court **RECOMMENDS** that the petition for a writ of habeas corpus be **DENIED** and that this action be **DISMISSED,**

### IV. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made

herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge